## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ERIC C. BURGIE
ADC #120956                                                          PETITIONER


VS.                          5:13CV000228 BSM/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                                    RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States

District Judge Brian S. Miller. Any party may serve and file written objections to

this recommendation. Objections should be specific and should include the factual

or legal basis for the objection. If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection. An original and

one copy of your objections must be received in the office of the United States

District Clerk no later than fourteen (14) days from the date of the findings and

recommendations. The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Petitioner, Eric Burgie, has filed a § 2254 Petition for a Writ of Habeas Corpus.[1] (Docket entry #2). He asserts various postconviction claims challenging his 2001 convictions, in Garland County Circuit Court, of capital murder and aggravated robbery.

Petitioner acknowledges that this is his "second petition for habeas corpus relief." (Docket entry #2 at p.3). In *Burgie v. Norris*, E.D. Ark. No. 5:06CV00205, he collaterally attacked the same convictions. On May 21, 2007, United States District Judge Billy Roy Wilson entered an Order and Judgment adopting this Court's Recommended Disposition, dismissing that case with prejudice. *Id.* at docket entries #21 and #22.

For the reasons discussed below, the Court recommends that the Petition be dismissed, without prejudice, as successive.

## II. Discussion

A claim presented in a second or successive § 2254 habeas petition must be dismissed unless the Petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive

---

[1] He has also filed a Motion to Proceed *In Forma Pauperis*. (Docket entry #1). Based on the financial information provided, Petitioner qualifies to proceed *in forma pauperis*.

application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

Petitioner argues that this habeas action may proceed without pre-authorization from the Eighth Circuit, citing *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) ("where a claimant could not have raised a [habeas] claim in his first habeas petition because it had not yet arisen, he will be allowed seek a second habeas petition [in the District Court] without first obtaining our authorization"). However, the facts presented in the *Williams* case are distinguishable. In that case, the petitioner (who had received the death penalty) challenged the constitutionally of the execution protocols in the Arkansas Method of Execution Act. Thus, that habeas action (challenging the means of execution) was not "second or successive" to an earlier habeas action that had asserted ineffective assistance of counsel claims attacking the underlying conviction and sentence. *See Williams*, 658 F.3d at 847, 853.

In this case, Petitioner has simply filed a second habeas action collaterally attacking his underlying conviction. Thus, Petitioner must first obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), before he can proceed with this successive habeas Petition.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) be GRANTED.

2.      The Petition for a Writ of Habeas Corpus (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit to file a successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A).

Dated this 30th day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE